UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WEFUND4U, LLC,<br><br>    Petitioner,<br><br>v.<br><br>RAISE 365 DEVELOPMENTS, LLC,<br><br>    Respondent. | Case No. 2:24-cv-00423-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

This ancillary discovery proceeding arises under Rule 45 of the Federal Rules of Civil Procedure. In September 2022, WeFund4U filed suit against Adrenaline Fundraising Association and certain members in the District of Idaho, asserting claims for breach of contract and tortious interference. *WeFund4U, LLC v. Adrenaline Fundraising Ass'n, LLC*, No. 2:22-cv-00385-AKB (D. Idaho) (Dkt. 9-1; 1-1).

In aid of that action, WeFund4U served three Rule 45 subpoenas duces tecum on Raise 365 Developments, LLC, a nonparty located in Houston, Texas (Dkt. 1; Exs. 7-8). Raise 365 did not respond. On October 17, 2023, WeFund4U petitioned the Southern District of Texas to compel compliance (Dkt. 1).

On December 19, 2023, following a hearing, Judge Andrew S. Hanen granted the motion to compel and ordered Raise 365 to produce, no later than January 18, 2024, all documents responsive to requests two through six of the subpoenas, together with a privilege log identifying any withheld documents (Dkt. 8; Dkt. 1-11).

**MEMORANDUM DECISION AND ORDER - 1**

On March 20, 2024, WeFund4U moved for contempt under Rule 45(g) in the Southern District of Texas, alleging Raise 365's noncompliance (Dkt. 9). On September 4, 2024, Judge Hanen transferred the matter to this Court pursuant to Rule 45(f) (Dkts. 10-11; 59†source). On September 30, 2024, this Court entered a Show Cause Order directing Raise 365 to explain its noncompliance (Dkt. 14). Raise 365 filed a response on October 29, 2024 (Dkt. 16), to which WeFund4U replied (Dkt. 17).

## FACTUAL BACKGROUND

The record establishes that Raise 365 ignored the subpoenas until shortly before the December 19, 2023, hearing, when it produced two agreements and belated objections (Dkt. 9-3). After Judge Hanen's order, Raise 365 produced four spreadsheets, a generic "terms and conditions" document, and a screenshot (Dkts. 9-4; 9-5; 9-6; 9-7). The spreadsheets were internally inconsistent, incapable of reconciliation, and omitted critical transaction information. No communications, emails, or contracts responsive to requests two through six were produced.

Despite being ordered to serve a privilege log, Raise 365 withheld and redacted documents without one. Its counsel represented that a sworn declaration verifying completeness would be provided, but no such certification was ever delivered (Dkt. 9-6 at 2-4).

## ANALYSIS

Civil contempt requires clear and convincing evidence that a definite and specific court order was in effect; it requires certain conduct; and the respondent failed to comply. *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987). Intent is not an element. *Traut v. Quantum Servicing, LLC*, No. 3:18-mc-14-D-BN, 2018 WL 1035134, at *8 (N.D. Tex. Feb. 23, 2018).

**MEMORANDUM DECISION AND ORDER - 2**

Raise 365 did not comply with Judge Hanen's December 19, 2023 order. Its productions were incomplete; it failed to serve a privilege log; and it never supplied the promised sworn certification. These failures constitute clear and convincing evidence of noncompliance.

Although this Court has managed interim enforcement, the contempt power lies with the tribunal whose order was violated. As the Supreme Court has explained:

> The power of the court below to issue the enjoining order is not questioned. By disobeying the order, plaintiffs in error defied an authority which that tribunal was required to vindicate. It followed established practice, as modified by the statute; and we think the objections to its jurisdiction are unsubstantial.

*Myers v. United States*, 264 U.S. 95, 104 (1924). Because Judge Hanen issued the order, the authority to adjudicate contempt of that order rests with him. *See, e.g.*, *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985) ("Enforcement of an injunction through a contempt proceeding must occur in the issuing jurisdiction because contempt is an affront to the court issuing the order."); *United States v. Blechman*, 782 F. Supp. 2d 1238, 1259 (D. Kan. 2011) (emphasizing interest of issuing judge in adjudicating contempt).

### ORDER

For the foregoing reasons, IT IS ORDERED:

1. Petitioner's Rule 45 motion for contempt (Dkt. 9) is HELD IN ABEYANCE pending transfer.

2. Respondent's obligation to comply with Judge Hanen's December 19, 2023, order (Dkt. 8) remains in effect.

3. Respondent is cautioned that continued noncompliance may subject it to sanctions, including attorney fees and coercive fines.

4. This case is TRANSFERRED to the Honorable Andrew S. Hanen, United States District Judge for the Southern District of Texas, consistent with *Myers v. United States*, 264 U.S. 95 (1924).

5. The Clerk is directed to effectuate the transfer forthwith.

DATED: September 09, 2025

Amanda K. Brailsford
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4